AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| United States of America<br>v.<br>Jesus Gerardo RAMOS (Defendant #1)<br>Rene HERNANDEZ CORDERO (Defendant #2)<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>**EP:23-M-02665-MAT** |

**FILED**
August 22, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: __Fidel Morales__
DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 21, 2023__ in the county of __El Paso__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 933 | Trafficking in Firearms |

This criminal complaint is based on these facts:

See Attached Affidavit Which is Hereby Incorporated by Reference

☑ Continued on the attached sheet.

Complaint sworn to telephonically on __August 22, 2023__ at __02:00 PM__ and signed electronically. **FED.R.CRIM.P. 4.1(b)(2)(A)**

*Complainant's signature*
Martha Zayas Special Agent - ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __08/22/2023__

*Judge's signature*

City and state: __El Paso, Texas__

Miguel A. Torres, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Martha Zayas, first being duly sworn as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, does hereby depose and state as follows:

1. On August 21, 2023, Rene HERNANDEZ CORDERO and Jesus Gerardo RAMOS arrived at a gas station located on Dyer Street to receive firearms. The gas station is located within the Western District of Texas. HERNANDEZ was there to pay for the firearms and RAMOS would be the person to transport the firearms to Mexico. At the gas station, both RAMOS and HERNANDEZ were shown pictures of the firearms they were set to receive. The firearms consisted of 20 AK-47 type rifles and two Barrett .50 BMG caliber rifles.

2. HERNANDEZ was in possession of approximately $63,000, which would have been payment for the above listed firearms. HERNANDEZ and RAMOS (who were travelling in separate cars) then travelled to a nearby storage unit to receive the firearms. HERNANDEZ provided the $63,000 for the firearms and took possession of some of the firearms. HERNANDEZ was being surveilled by agents with the ATF. Once HERNANDEZ has possession of the firearms, agents interdicted HERNANDEZ and placed him under arrest. ATF agents recovered the firearms.

3. RAMOS was delayed driving out of the gas station was not able to follow HERNANDEZ as he entered the storage facility. ATF agents last surveilled RAMOS as he was seen driving past the storage facility. RAMOS eventually drove back into the area and was contacted by ATF at the front of the storage facility. RAMOS was arrested by ATF on scene.

4. HERNANDEZ was provided his Miranda Rights and waived them. HERNANDEZ advised he was there to pay for firearms which were intended to go into Mexico via RAMOS. HERNANDEZ was coming from Juarez, Chihuahua, Mexico. HERNANDEZ stated he received $63,000.00 to pay for the firearms by an unknown subject. HERNANDEZ stated the firearms were to be transferred to RAMOS for transportation into Mexico. HERNANDEZ would contact RAMOS once in Mexico and he would retrieve the firearms in Mexico and turn them over to the unknown subject. HERNANDEZ stated he did not wish to provide additional information on the unknown subject.

5. RAMOS was provided his Miranda Rights and waived them. RAMOS stated he was sent by his brother, a current Juarez Police Officer, to pick up the firearms to transport them to Mexico. RAMOS showed ATF SAs text messages in his cellphone sent by his brother where the location of the Circle K and the storage facility was provided. The messages noted to have been forwarded to RAMOS. RAMOS stated he did not know who the original sender of the messages was. RAMOS stated he observed the photograph UCA provided where several rifles were displayed. RAMOS stated the firearms would be transported to Mexico in his pickup truck. RAMOS advised he knew who to contact at the gas station as the information of the description of the person to meet had been provided to him via telephone by his brother.

6. On August 2023, ATF interstate nexus expert reviewed the descriptors of said firearm. ATF S/A determined the firearm was not manufactured in the state of Texas, therefore affecting interstate commerce.

7. Effective March 2, 2020, the Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

8. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 et seq.

9. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

10. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

11. Exportation of firearms to Mexico requires a license.

12. RAMOS and HERNANDEZ did not have a license, licenses, or any authority to export out of or import into the United States firearms.

13. The above affidavit is for purposes of establishing probable cause to obtain a criminal complaint and does not contain all the facts related to the investigation.

14. Your affiant believes probable cause exists that RAMOS (Defendant #1) unlawfully and knowingly attempted to conspire to take possession of the firearms, with the intention to be transported or directed others to transport them into Mexico, affecting interstate and foreign commerce, in violation of Title 18, USC, Section 933(a)(3), Trafficking in Firearms.

15. Your affiant believes probable cause exists that HERNANDEZ (Defendant #2) unlawfully and knowingly took possession of the firearms, with the intention to be transported or directed others to transport them into Mexico, affecting interstate and foreign commerce, in violation of Title 18, USC, Section 933(a)(1), (2), and (3), Trafficking in Firearms.

ATF SA Martha E. Zayas