FILED

April 10, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____Jaime Galaviz_____
DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | **CASE No: EP:23-CR-01842-DB** |
| § | |
| **Plaintiff,** § | **SUPERSEDING INDICTMENT** |
| § | |
| **v.** § | **CTS 1&2:** 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute; |
| § | |
| **(1) MARIA DEL ROSARIO NAVARRO SANCHEZ, also known as (a.k.a.): "Chayo," and "Fernanda"** § | **CT 3:** 18:932-Straw Purchasing Firearms |
| **(2) BRIAN ALEXIS MUNOZ-CASTRO;** § | **CT 4:** 18:933-Trafficking in Firearms |
| **(3) RENE HERNANDEZ-CORDERO; and** § | **CTS 5, 6, & 7:** 21:846(a)(1)-Possession of a Controlled Substance with Intent to Distribute |
| **(4) JESUS GERADO RAMOS** § | |
| § | **CT 8:** 18:371 & 33:5332-Bulk Cash Smuggling Conspiracy |
| **Defendants.** § | |
| § | ***Notice of Government's Demand for Forfeiture*** |

THE GRAND JURY CHARGES:

**GENERAL ALLEGATIONS**

At times material to this indictment, on or about the dates and approximate times stated below:

**Introduction**

1.    Maria del Rosario NAVARRO-Sanchez, Brian Alexis MUNOZ-Castro, Rene HERNANDEZ-Cordero, Jesus Gerado RAMOS, Coconspirator-1 (CC-1), and Conspirator-2 (CC-2) are part of an organization that smuggles firearms into the Republic of Mexico and controlled substances into the United States. The organization uses couriers to smuggle controlled substances, mainly kilogram-quantities of methamphetamine and fentanyl, from Mexico into the Western

Rev. 2018-04-30

District of Texas. Once inside the Western District of Texas, the majority of controlled substances are then smuggled to different cities throughout the United States.

2.      The organization uses various brokers, such a CC-1, to purchase weapons in the United States. The organization often uses drugs, or drug profits, to fund those purchases. Those weapons are then smuggled into the Republic of Mexico.

3.      Firearms are an integral part of a drug trafficking organization's success. Trafficking of firearms feeds an organizational need to protect and expand the criminal enterprise through firearm-related violence. Firearms are used to protect drug trafficking routes, illicit proceeds profits from drugs, and drug processing locations.

4.      Effective March 9, 2020, the Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

5.      The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 et seq. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

**The Drug Conspiracy**

6.      MUNOZ-Castro began to work for NAVARRO-Sanchez starting  approximately August 2022. NAVARRO-Sanchez would coordinate the delivery of methamphetamine and fentanyl pills from Mexico into the United States through the El Paso ports of entry.  NAVARRO-Sanchez would have MUNOZ-Castro pick-up the narcotics from different couriers around the El Paso area. MUNOZ-Castro would unload the narcotics, store the narcotics, and then deliver the

Rev. 2018-04-30

narcotics to other couriers who would take the narcotics to different cities throughout the United States.

7.      On March 30, 2023, NAVARRO-Sanchez, while in the Republic of Mexico, orchestrated the delivery of approximately two kilograms of methamphetamine. NAVARRO-Sanchez had MUNOZ-Castro deliver the approximate two kilograms of methamphetamine to another person. That transaction occurred within the Western District of Texas.

8.      On March 31, 2023, FBI agents tracked the movements of CC-2. Agents observed CC-2 drive to a gun store in El Paso, Texas and leave without making a purchase. Shortly thereafter, agents observed CC-2 travel to another gun store in El Paso, Texas. Agents observed CC-2 carrying a large box. CC-2 had purchased a few firearms parts.

9.      Shortly thereafter, agents observed CC-2 interact with MUNOZ-Castro. Agents then followed MUNOZ-Castro away from the parking lot and to his residence. Agents searched another residence used by MUNOZ-Castro and found approximately 2.5 kilograms of methamphetamine, approximately 300 grams of fentanyl, $6,480 in drug proceeds, two cell phones, firearm parts, and ammunition.

10.     Agents observed CC-2 as he attempted to cross the border back into the Republic of Mexico. Customs agents stopped and searched CC-2's vehicle. Customs agents found a 16" barrel for an AR style rifle and a butt stock for an AR type rifle concealed in the engine area of the vehicle.

**The Firearms Smuggling Scheme**

11.     NAVARRO-Sanchez and MUNOZ-Castro also coordinated the trafficking of weapons from the United States to Mexico. This organization used CC-1 to collect firearms in the United States. CC-1 purchased firearms through private sellers or straw purchases. CC-1 would buy the firearms, provide the firearms to MUNOZ-Castro or another courier, who would then have

the weapons exported to the Republic of Mexico.

12.     For example, on February 13, 2023, CC-1 and MUNOZ-Castro engaged in a WhatsApp text conversation. CC-1 sent MUNOZ-Castro a picture of several firearms that CC-1 could sell. In a separate WhatsApp conversation, MUNOZ-Castro forwarded those photographs to NAVARRO-Sanchez. From the pictures sent, NAVARRO-Sanchez selects one of the firearms and instructs MUNOZ-Castro to arrange the purchase of the weapon.

13.     In mid-summer of 2023, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) intercepted communications of NAVARRO-Sanchez. During the conversations, agents learned that NAVARRO-Sanchez agreed to purchase twenty AK-47 type firearms and two Barrett .50 caliber rifles for $66,000. On August 15, 2023, NAVARRO-Sanchez caused $3,000 to be wired to a person within the Western District of Texas as down payment for the firearms.

14.     On August 21, 2023, HERNANDEZ-Cordero did not declare the money as he entered the United States.

15.     On August 21, 2023, and in separate vehicles, HERNANDEZ-Cordero and RAMOS arrived at a gas station located within the Western District of Texas to receive the twenty AK-47 type firearms and the two Barrett .50 BMG caliber rifles. At the gas station, both HERNANDEZ-Cordero and RAMOS viewed a photograph of the weapons they were set to receive.

16.     In August of 2023, an ATF interstate nexus expert reviewed the descriptors of said firearms. ATF personnel determined the firearm was not manufactured in the state of Texas, therefore affected interstate commerce. HERNANDEZ-Cordero intended to provide payment for the weapons, while RAMOS would be tasked with smuggling the weapons across the border.

17.     A license is required to export these type of firearms from the United States to the Republic of Mexico. Neither HERNANDEZ-Cordero, RAMOS, MUNOZ-Castro, or NAVARRO-Sanchez have a license to export firearms.

## COUNT ONE
(21 U.S.C. §§ 846 & 841(a)(1))

The General Allegations of this indictment are re-alleged and fully incorporated here by reference.

Beginning on or about August 1, 2022, and continuing through and to include August 21, 2023, in the Western District of Texas, the Republic of Mexico, and elsewhere, defendants,

**(1) MARIA DEL ROSARIO NAVARRO SANCHEZ,**
**also known as (a.k.a.): "Chayo," and "Fernanda"**
**(2) BRIAN ALEXIS MUNOZ-CASTRO; and**
**(3) RENE HERNANDEZ-CORDERO;**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved methamphetamine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of methamphetamine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| **(1)     MARIA DEL ROSARIO NAVARRO SANCHEZ, also known as (a.k.a.): "Chayo," and "Fernanda"** | 500 grams or more of a mixture or substance containing a | 841(b)(1)(A)(viii) |

| | | |
|---|---|---|
| | detectable amount of methamphetamine | |
| **(2) BRIAN ALEXIS MUNOZ-CASTRO** | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |
| **(3) RENE HERNANDEZ-CORDERO** | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)(vi))

The General Allegations of this indictment are re-alleged and fully incorporated here by reference.

That beginning on or about August 1, 2022, up to and including August 21, 2023, in the Western District of Texas, the Republic of Mexico and elsewhere, defendants,

**(1) MARIA DEL ROSARIO NAVARRO SANCHEZ,**
**also known as (a.k.a.): "Chayo," and "Fernanda"**
**(2) BRIAN ALEXIS MUNOZ-CASTRO; and**
**(3) RENE HERNANDEZ-CORDERO;**

knowingly, intentionally, and unlawfully conspired, combined, confederated, agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a Schedule II Controlled Substance, with intent to

Rev. 2018-04-30

distribute same, in violation of Title 21, United States Code, Section 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of the mixture or substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| **(1)    MARIA DEL ROSARIO NAVARRO SANCHEZ, also known as (a.k.a.): "Chayo," and "Fernanda"** | 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) | 841(b)(1)(A)(vi) |
| **(2) BRIAN ALEXIS MUNOZ-CASTRO** | 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) | 841(b)(1)(A)(vi) |
| **(3) RENE HERNANDEZ-CORDERO** | 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) | 841(b)(1)(A)(vi) |

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE
(18 U.S.C. § 932(a), (b) & (c) )

The General Allegations of this indictment are re-alleged and fully incorporated here by reference.

That beginning on or about August 1, 2022, up to and including August 21, 2023, in the Western District of Texas, the Republic of Mexico and elsewhere, defendants,

**(1) MARIA DEL ROSARIO NAVARRO SANCHEZ,**
**also known as (a.k.a.): "Chayo," and "Fernanda"**
**(2) BRIAN ALEXIS MUNOZ-CASTRO;**
**(3) RENE HERNANDEZ-CORDERO; and**
**(4) JESUS GERADO RAMOS**

knowingly, intentionally, and unlawfully conspired, combined, confederated, agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 18, United States Code, Section 932, that is to say, they conspired to purchase firearms in and otherwise affecting interstate commerce for, on behalf of, and at the request and demand of any other person, knowing or having reasonable cause to believe that such other person intends to use, carry, possess, and sell and otherwise dispose of the firearm in furtherance of a felony, to wit, Smuggling of Goods from the United States under 18 U.S.C. Section 554, and a drug trafficking crime, as charged in Counts 1 and 2, as defined in section 932(a). All in violation of Title 18, United States Code, Section 932 (a), (b), & (c).

## COUNT FOUR
(18 U.S.C. § 933(a)(1), (a)(3) & (b))

The General Allegations of this indictment are re-alleged and fully incorporated here by reference.

That beginning on or about August 1, 2022, up to and including August 21, 2023, in the Western District of Texas, the Republic of Mexico and elsewhere, defendants,

**(1) MARIA DEL ROSARIO NAVARRO SANCHEZ,**

**also known as (a.k.a.): "Chayo," and "Fernanda"**
**(2) BRIAN ALEXIS MUNOZ-CASTRO;**
**(3) RENE HERNANDEZ-CORDERO; and**
**(4) JESUS GERADO RAMOS**

knowingly, intentionally, and unlawfully conspired, combined, confederated, agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 18, United States Code, Section 933, that is to say, they conspired to ship, transport, transfer, cause to be transported, and otherwise disposed of any firearm to another person in and otherwise affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, to wit Smuggling of Goods from the United States under 18 U.S.C. Section 554, and a drug trafficking crime, as charged in Counts 1 and 2, as defined in section 932(a). All in violation of Title 18, United States Code, Section 933(a)(1), (a)(3) and (b).

### COUNT FIVE
(21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(viii))

That on or about March 30, 2023, in the Western District of Texas, Defendant,

### (2) BRIAN ALEXIS MUNOZ-CASTRO

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

### COUNT SIX
(21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(viii))

That on or about March 31, 2023, in the Western District of Texas, Defendant,

### (2) BRIAN ALEXIS MUNOZ-CASTRO

Rev. 2018-04-30

knowingly and intentionally possessed with intent to distribute a controlled substance, which

offense involved 500 grams or more of a mixture or substance containing a detectable amount of

methamphetamine, a schedule II Controlled Substance, in violation of Title 21, United States

Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT SEVEN
(21 U.S.C. §§841(a)(1) and 841(b)(1)(b)(vi))

That on or about March 31, 2023, in the Western District of Texas, Defendant,

### (2) BRIAN ALEXIS MUNOZ-CASTRO

knowingly and intentionally possessed with intent to distribute a controlled substance, which

offense involved a 40 grams or more of a mixture or substance containing a detectable amount of

N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a

Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1)

and 841(b)(1)(b)(vi)).

## COUNT EIGHT
(18 U.S.C. 371 - Conspiracy/Bulk Cash Smuggling)

The General Allegations of this indictment are re-alleged and fully incorporated here by

reference.

That on or about August 21, 2023, in the Western District of Texas and the Republic of

Mexico, Defendant,

### (3) RENE HERNANDEZ CORDERO,

together with others known and unknown to the Grand Jury, did knowingly combine, conspire,

confederate and agree to commit certain offenses against the United States, to wit: to knowingly

concealing more than $10,000 in currency and other monetary instruments on a person and in a

conveyance, with the intent to evade a currency reporting requirement under Title 31, United States

Code, Section 5316, and did transport and attempt to transport such currency and monetary

instruments from a place outside the United States to a place inside the United States, in violation of Title 31, United States Code, Section 5332.

## MANNER AND MEANS

It was part of the conspiracy that Rene Hernandez Cordero used a money courier, who would travel from Juarez, Mexico with a sum of money exceeding $10,000, concealed on his person or conveyance in order to transport the money into the United States without declaring the money at the port of entry.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, the Hernandez-Cordero committed and caused to be committed the following overt acts in the Western District of Texas and elsewhere:

**Overt Act 1**:  On August 21, 2023, Hernandez-Cordero, while in the Republic of Mexico possessed approximately $60,000;

**Overt Act 2**:  On August 21, 2023, Hernandez-Cordero, sent a picture of the money in his possession to co-defendant Navarro-Sanchez. Hernandez-Cordero was waiting for someone to cross the money into the United States;

**Overt Act 3**:  On August 21, 2023, Hernandez-Cordero, while in the Republic of Mexico, provided the $60,000 to another person – Coconspirator-3 (CC-3);

**Overt Act 4**:  On August 21, 2023, Hernandez-Cordero entered the United States at the Paso Del Norte Port of Entry at approximately 4:15 p.m. Approximately 15 minutes later, CC-3 entered the United States at the Paso Del Norte Port of Entry. Neither Hernandez-Cordero nor CC-3 declared the $60,000 upon entering the United States.

**Overt Act 5**:  On August 21, 2023, once in the Western District of Texas, CC-3

provided the $60,000 to Hernandez-Cordero.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Drug Violation and Forfeiture Statutes
**[Title 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii) and (b)(1)(B)(vi), subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]**

As a result of the foregoing criminal violations set forth in Counts One, Two, Five, Six and

Seven the United States gives notice to Defendants **(1) MARIA DEL ROSARIO NAVARRO**

**SANCHEZ a.k.a. "Chayo" and "Fernanda", (2) BRYAN ALEXIS MUNOZ-CASTRO and**

**(3) RENE HERNANDEZ-CORDERO** of its intent to seek the forfeiture of certain property upon

conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which state:

**Title 21 U.S.C. § 853.  Criminal Forfeitures**
**(a) Property subject to criminal forfeiture**
  **\* \* \***
**(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
**(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### II.
### Firearms Violation and Forfeiture Statutes
**[Title 18 U.S.C. §§ 932(a) and (b), 933(a)(1) and (3), subject to forfeiture pursuant  to Title 18 U.S.C §§ 934(a)(1)(A) and (B)]**

As a result of the criminal violations set forth in Counts Three and Four, the United States

of America gives notice to Defendants **(1) MARIA DEL ROSARIO NAVARRO SANCHEZ,**

**(2) BRYAN ALEXIS MUNOZ-CASTRO a.k.a. "Chayo" and "Fernanda", (3) RENE**

**HERNANDEZ-CORDERO and (4) JESUS GERARDO RAMOS** of its intent to seek the

forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C.

§§ 934(a)(1)(A) and (B), which state:

**Title 18 U.S.C. § 934. - Forfeiture and Fines**
**(a) Forfeiture.**
  (1) In General.— Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—
    (A)  any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
    (B)  any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.

### III.
### Bulk Cash Smuggling Violation and Forfeiture Statutes
### [Title 31 U.S.C. §§ 5332(a)(1) and (b), subject to
### forfeiture pursuant to Title 31 U.S.C. § 5332(b)(2)

As a result of the foregoing criminal violation set forth in Count Eight, the United States gives notice to Defendant **(3) RENE HERNANDEZ-CORDERO** of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 31 U.S.C. § 5332(b)(2), which states:

**Title 31 U.S.C. § 5332. Bulk Cash Smuggling into or out of the United States**

  **(b) Penalty.—**
  * * *
    **(2) Forfeiture.—**  In addition, the court, in imposing sentence under paragraph (1), shall order that the defendant forfeit to the United States, any property, real or personal, involved in the offense, and any property traceable to such property.

This Notice of Demand for Forfeiture includes but is not limited to the property described below in Paragraph IV and Money Judgment in Paragraph V.

### IV.
### Property

1.  $6,480.00, more or less, in United States currency;
2.  Magpul carbine stock;
3.  Rifle/Carbine magazine;
4.  Small pistol magazine;
5.  Extended pistol magazine;
6.  (2) Rifle scopes;
7.  (60) rounds of 7.62x39mm caliber Monarch lacquer coating steel case cartridges;

Rev. 2018-04-30

8.  (60) rounds of assorted caliber ammunition;
9.  (40) rounds of 7.62x39mm caliber centerfire rifle cartridges;
10. (27) Winchester .40 caliber ammunition;
11. (5) rounds of green colored tip ammunition;
12. (1) round of 10x21mm caliber copper colored ammunition;
13. (448) .177 caliber pellets;
14. (179) .177 caliber pellets; and
15. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

## V.
## Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Counts One through Seven for which Defendants **(1) MARIA DEL ROSARIO NAVARRO SANCHEZ a.k.a. "Chayo" and "Fernanda", (2) BRYAN ALEXIS MUNOZ-CASTRO, (3) RENE HERNANDEZ-CORDERO and (4) JESUS GERARDO RAMOS** are individually liable.

### Substitute Assets

If any of the above listed forfeitable property, as a result of any act or omission of the Defendants:

   a.  cannot be located upon the exercise of due diligence;
   b.  has been transferred or sold to, or deposited with, a third person;
   c.  has been placed beyond the jurisdiction of the Court;
   d.  has been substantially diminished in value; or
   e.  has been commingled with other property which cannot be subdivided without difficulty;

Rev. 2018-04-30

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendants up to the value of the forfeitable property.

A TRUE BILL.

_____
FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
    Assistant United States Attorney

Rev. 2018-04-30