## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

UNITED STATES OF AMERICA          §
                                  §
v.                                §          EP:23-CR-1842-DB
                                  §
RENE HERNANDEZ CORDERO            §

### COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

### INTRODUCTION

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

### GENERAL AND SPECIFIC INSTRUCTIONS

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or

follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed innocent of the charges. The defendant begins with a clean slate. The law does not require the defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. However, to find the defendant guilty of any charged offense, the Government must prove the defendant committed each element of the charged offense beyond a reasonable doubt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

2

**EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE**

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions. You must disregard those questions entirely. Do not speculate as to what the witness would have said if permitted to answer the question. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In

3

other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## STIPULATION OF EVIDENCE

A "stipulation" is an agreement between both sides that certain facts are true. Just as with any other evidence, you may accept the stipulation as evidence and regard the fact as proved. You are not required to do so, however, since you are the sole judge of the case.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide

4

whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

5

**IMPEACHMENT BY PRIOR CONVICTION (WITNESS OTHER THAN DEFENDANT)**

You have been told that witness, Brian Alexis Munoz-Castro, was convicted in the Western District of Texas of Conspiracy to Possess a Controlled Substance with Intent to Distribute and Trafficking in Firearms. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

**EXPERT OPINION TESTIMONY**

During the trial you heard the testimony of Irma Gamez, who expressed opinions concerning drug trafficking organizations, Charles Bachhuber, who expressed opinions concerning export licensing of firearms and ammunition, and finally Ernesto Herrera, who expressed opinions concerning interstate nexus for firearms. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

6

## ACCOMPLICE—CO-DEFENDANT—PLEA AGREEMENT

In this case the government called as one of its witnesses an alleged accomplice, named as co-defendant in the indictment, with whom the government has entered into a plea agreement. This agreement provides for the dismissal of some charges and a non-binding recommendation for a favorable sentence. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

## WITNESS'S USE OF ADDICTIVE DRUGS

The testimony of a witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## CONFESSION—STATEMENT VOLUNTARINESS (SINGLE DEFENDANT)

In determining whether any statement, claimed to have been made by the defendant outside of court and after an alleged crime has been committed, was knowingly and

7

voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all of the circumstances.

You may consider in that regard such factors as the age, sex, training, education, and occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

## IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offense[s].

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

8

If, after examining all of the testimony and evidence in the case, if you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

## CAUTION – CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CAUTIONARY INSTRUCTION DURING TRIAL – TRANSCRIPT OF TAPE-RECORDED CONVERSATION

Exhibits 5-E, 5-G, 5-I, 5-K, 5-M, 5-O, 5-Q, 5-S, 5-U, 5-W, 5-Y, and 6-H have been identified as a typewritten transcripts of the oral conversations which can be heard on the tape recording received in evidence as Exhibits 5-D, 5-F, 5-H, 5-J, 5-L, 5-N, 5-P, 5-R, 5-T, 5-V, 5-X and 6-G respectively. The transcripts also purport to identify the speakers engaged in such conversations. I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the tape recordings, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should

9

determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

## TRANSCRIPT OF FOREIGN LANGUAGE – TAPE RECORDED CONVERSATION

Among the exhibits admitted during the trial were recordings that contained conversations in the **Spanish** language. You were also provided English transcripts of those conversations. The transcripts were provided to you by the government so that you can consider the content of the conversations on the recordings. Whether a transcript is an accurate translation, in whole or in part, is for you to decide. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

In considering whether the transcript[s] accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made.

You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

## SINGLE DEFENDANT – MULTIPLE COUNTS

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

10

## CAUTION – PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## ON OR ABOUT

You will note that the indictment charges that the offenses committed on or about a specified date. The government does not have to prove that the crimes were committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near August 1, 2022 until August 22, 2023, the dates stated in the indictment.

## SINGLE DEFENDANT – MULTIPLE COUNTS

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## INDICTMENT

The indictment is an eight-count indictment. Defendant is only named in Counts 1, 2, 3, 4, and 8. Disregard the other Counts as they do not apply to Defendant:

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>(1) MARIA DEL ROSARIO NAVARRO SANCHEZ, also known as (a.k.a.): "Chayo," and "Fernanda"<br>(2) BRIAN ALEXIS MUNOZ-CASTRO;<br>(3) RENE HERNANDEZ-CORDERO; and<br>(4) JESUS GERADO RAMOS<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE No: EP:23-CR-01842-DB<br><br>**SUPERSEDING INDICTMENT**<br><br>**CTS 1&2:** 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute;<br><br>**CT 3:** 18:932-Straw Purchasing Firearms<br><br>**CT 4:** 18:933-Trafficking in Firearms<br><br>**CTS 5, 6, & 7:** 21:846(a)(1)-Possession of a Controlled Substance with Intent to Distribute<br><br>**CT 8:** 18:371 & 33:5332-Bulk Cash Smuggling Conspiracy<br><br>*Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At times material to this indictment, on or about the dates and approximate times stated below:

### Introduction

1.      Maria del Rosario NAVARRO-Sanchez, Brian Alexis MUNOZ-Castro, Rene HERNANDEZ-Cordero, Jesus Gerado RAMOS, Coconspirator-1 (CC-1), and Conspirator-2 (CC-2) are part of an organization that smuggles firearms into the Republic of Mexico and controlled substances into the United States. The organization uses couriers to smuggle controlled substances, mainly kilogram-quantities of methamphetamine and fentanyl, from Mexico into the Western

Rev. 2018-04-30

District of Texas. Once inside the Western District of Texas, the majority of controlled substances are then smuggled to different cities throughout the United States.

2.      The organization uses various brokers, such a CC-1, to purchase weapons in the United States. The organization often uses drugs, or drug profits, to fund those purchases. Those weapons are then smuggled into the Republic of Mexico.

3.      Firearms are an integral part of a drug trafficking organization's success. Trafficking of firearms feeds an organizational need to protect and expand the criminal enterprise through firearm-related violence. Firearms are used to protect drug trafficking routes, illicit proceeds profits from drugs, and drug processing locations.

4.      Effective March 9, 2020, the Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

5.      The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 et seq. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

### The Drug Conspiracy

6.      MUNOZ-Castro began to work for NAVARRO-Sanchez starting approximately August 2022. NAVARRO-Sanchez would coordinate the delivery of methamphetamine and fentanyl pills from Mexico into the United States through the El Paso ports of entry. NAVARRO-Sanchez would have MUNOZ-Castro pick-up the narcotics from different couriers around the El Paso area. MUNOZ-Castro would unload the narcotics, store the narcotics, and then deliver the

narcotics to other couriers who would take the narcotics to different cities throughout the United States.

7.      On March 30, 2023, NAVARRO-Sanchez, while in the Republic of Mexico, orchestrated the delivery of approximately two kilograms of methamphetamine. NAVARRO-Sanchez had MUNOZ-Castro deliver the approximate two kilograms of methamphetamine to another person. That transaction occurred within the Western District of Texas.

8.      On March 31, 2023, FBI agents tracked the movements of CC-2. Agents observed CC-2 drive to a gun store in El Paso, Texas and leave without making a purchase. Shortly thereafter, agents observed CC-2 travel to another gun store in El Paso, Texas. Agents observed CC-2 carrying a large box. CC-2 had purchased a few firearms parts.

9.      Shortly thereafter, agents observed CC-2 interact with MUNOZ-Castro. Agents then followed MUNOZ-Castro away from the parking lot and to his residence. Agents searched another residence used by MUNOZ-Castro and found approximately 2.5 kilograms of methamphetamine, approximately 300 grams of fentanyl, $6,480 in drug proceeds, two cell phones, firearm parts, and ammunition.

10.     Agents observed CC-2 as he attempted to cross the border back into the Republic of Mexico. Customs agents stopped and searched CC-2's vehicle. Customs agents found a 16" barrel for an AR style rifle and a butt stock for an AR type rifle concealed in the engine area of the vehicle.

### The Firearms Smuggling Scheme

11.     NAVARRO-Sanchez and MUNOZ-Castro also coordinated the trafficking of weapons from the United States to Mexico. This organization used CC-1 to collect firearms in the United States. CC-1 purchased firearms through private sellers or straw purchases. CC-1 would buy the firearms, provide the firearms to MUNOZ-Castro or another courier, who would then have

the weapons exported to the Republic of Mexico.

12.     For example, on February 13, 2023, CC-1 and MUNOZ-Castro engaged in a WhatsApp text conversation. CC-1 sent MUNOZ-Castro a picture of several firearms that CC-1 could sell. In a separate WhatsApp conversation, MUNOZ-Castro forwarded those photographs to NAVARRO-Sanchez. From the pictures sent, NAVARRO-Sanchez selects one of the firearms and instructs MUNOZ-Castro to arrange the purchase of the weapon.

13.     In mid-summer of 2023, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) intercepted communications of NAVARRO-Sanchez. During the conversations, agents learned that NAVARRO-Sanchez agreed to purchase twenty AK-47 type firearms and two Barrett .50 caliber rifles for $66,000. On August 15, 2023, NAVARRO-Sanchez caused $3,000 to be wired to a person within the Western District of Texas as down payment for the firearms.

14.     On August 21, 2023, HERNANDEZ-Cordero did not declare the money as he entered the United States.

15.     On August 21, 2023, and in separate vehicles, HERNANDEZ-Cordero and RAMOS arrived at a gas station located within the Western District of Texas to receive the twenty AK-47 type firearms and the two Barrett .50 BMG caliber rifles. At the gas station, both HERNANDEZ-Cordero and RAMOS viewed a photograph of the weapons they were set to receive.

16.     In August of 2023, an ATF interstate nexus expert reviewed the descriptors of said firearms. ATF personnel determined the firearm was not manufactured in the state of Texas, therefore affected interstate commerce. HERNANDEZ-Cordero intended to provide payment for the weapons, while RAMOS would be tasked with smuggling the weapons across the border.

17.     A license is required to export these type of firearms from the United States to the Republic of Mexico. Neither HERNANDEZ-Cordero, RAMOS, MUNOZ-Castro, or NAVARRO-Sanchez have a license to export firearms.

**COUNT ONE**
(21 U.S.C. §§ 846 & 841(a)(1))

The General Allegations of this indictment are re-alleged and fully incorporated here by reference.

Beginning on or about August 1, 2022, and continuing through and to include August 21, 2023, in the Western District of Texas, the Republic of Mexico, and elsewhere, defendants,

**(1) MARIA DEL ROSARIO NAVARRO SANCHEZ,**
**also known as (a.k.a.): "Chayo," and "Fernanda"**
**(2) BRIAN ALEXIS MUNOZ-CASTRO; and**
**(3) RENE HERNANDEZ-CORDERO;**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved methamphetamine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of methamphetamine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| (1)     MARIA DEL ROSARIO NAVARRO SANCHEZ, also known as (a.k.a.): "Chayo," and "Fernanda" | 500 grams or more of a mixture or substance containing a | 841(b)(1)(A)(viii) |

| | | |
|---|---|---|
| | detectable amount of methamphetamine | |
| (2) BRIAN ALEXIS MUNOZ-CASTRO | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |
| (3) RENE HERNANDEZ-CORDERO | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
### (21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)(vi))

The General Allegations of this indictment are re-alleged and fully incorporated here by reference.

That beginning on or about August 1, 2022, up to and including August 21, 2023, in the Western District of Texas, the Republic of Mexico and elsewhere, defendants,

**(1) MARIA DEL ROSARIO NAVARRO SANCHEZ,**
**also known as (a.k.a.): "Chayo," and "Fernanda"**
**(2) BRIAN ALEXIS MUNOZ-CASTRO; and**
**(3) RENE HERNANDEZ-CORDERO;**

knowingly, intentionally, and unlawfully conspired, combined, confederated, agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a Schedule II Controlled Substance, with intent to

Rev. 2018-04-30

distribute same, in violation of Title 21, United States Code, Section 841(a)(1) in the quantities set forth below:

## QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY

The quantity of the mixture or substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| (1)   MARIA DEL ROSARIO NAVARRO SANCHEZ, also known as (a.k.a.): "Chayo," and "Fernanda" | 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) | 841(b)(1)(A)(vi) |
| (2) BRIAN ALEXIS MUNOZ-CASTRO | 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) | 841(b)(1)(A)(vi) |
| (3) RENE HERNANDEZ-CORDERO | 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) | 841(b)(1)(A)(vi) |

All in violation of Title 21, United States Code, Section 846.

Rev. 2018-04-30

## COUNT THREE
(18 U.S.C. § 932(a), (b) & (c) )

The General Allegations of this indictment are re-alleged and fully incorporated here by reference.

That beginning on or about August 1, 2022, up to and including August 21, 2023, in the Western District of Texas, the Republic of Mexico and elsewhere, defendants,

**(1) MARIA DEL ROSARIO NAVARRO SANCHEZ,**
**also known as (a.k.a.): "Chayo," and "Fernanda"**
**(2) BRIAN ALEXIS MUNOZ-CASTRO;**
**(3) RENE HERNANDEZ-CORDERO; and**
**(4) JESUS GERADO RAMOS**

knowingly, intentionally, and unlawfully conspired, combined, confederated, agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 18, United States Code, Section 932, that is to say, they conspired to purchase firearms in and otherwise affecting interstate commerce for, on behalf of, and at the request and demand of any other person, knowing or having reasonable cause to believe that such other person intends to use, carry, possess, and sell and otherwise dispose of the firearm in furtherance of a felony, to wit, Smuggling of Goods from the United States under 18 U.S.C. Section 554, and a drug trafficking crime, as charged in Counts 1 and 2, as defined in section 932(a). All in violation of Title 18, United States Code, Section 932 (a), (b), & (c).

## COUNT FOUR
(18 U.S.C. § 933(a)(1), (a)(3) & (b))

The General Allegations of this indictment are re-alleged and fully incorporated here by reference.

That beginning on or about August 1, 2022, up to and including August 21, 2023, in the Western District of Texas, the Republic of Mexico and elsewhere, defendants,

**(1) MARIA DEL ROSARIO NAVARRO SANCHEZ,**

Rev. 2018-04-30

also known as (a.k.a.): "Chayo," and "Fernanda"
(2) BRIAN ALEXIS MUNOZ-CASTRO;
(3) RENE HERNANDEZ-CORDERO; and
(4) JESUS GERADO RAMOS

knowingly, intentionally, and unlawfully conspired, combined, confederated, agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 18, United States Code, Section 933, that is to say, they conspired to ship, transport, transfer, cause to be transported, and otherwise disposed of any firearm to another person in and otherwise affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, to wit Smuggling of Goods from the United States under 18 U.S.C. Section 554, and a drug trafficking crime, as charged in Counts 1 and 2, as defined in section 932(a). All in violation of Title 18, United States Code, Section 933(a)(1), (a)(3) and (b).



Rev. 2018-04-30



## COUNT EIGHT
### (18 U.S.C. 371 - Conspiracy/Bulk Cash Smuggling)

The General Allegations of this indictment are re-alleged and fully incorporated here by reference.

That on or about August 21, 2023, in the Western District of Texas and the Republic of Mexico, Defendant,

### (3) RENE HERNANDEZ CORDERO,

together with others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate and agree to commit certain offenses against the United States, to wit: to knowingly concealing more than $10,000 in currency and other monetary instruments on a person and in a conveyance, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, and did transport and attempt to transport such currency and monetary

Rev. 2018-04-30

instruments from a place outside the United States to a place inside the United States, in violation of Title 31, United States Code, Section 5332.

## MANNER AND MEANS

It was part of the conspiracy that Rene Hernandez Cordero used a money courier, who would travel from Juarez, Mexico with a sum of money exceeding $10,000, concealed on his person or conveyance in order to transport the money into the United States without declaring the money at the port of entry.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, the Hernandez-Cordero committed and caused to be committed the following overt acts in the Western District of Texas and elsewhere:

**Overt Act 1**: On August 21, 2023, Hernandez-Cordero, while in the Republic of Mexico possessed approximately $60,000;

**Overt Act 2**: On August 21, 2023, Hernandez-Cordero, sent a picture of the money in his possession to co-defendant Navarro-Sanchez. Hernandez-Cordero was waiting for someone to cross the money into the United States;

**Overt Act 3**: On August 21, 2023, Hernandez-Cordero, while in the Republic of Mexico, provided the $60,000 to another person – Coconspirator-3 (CC-3);

**Overt Act 4**: On August 21, 2023, Hernandez-Cordero entered the United States at the Paso Del Norte Port of Entry at approximately 4:15 p.m. Approximately 15 minutes later, CC-3 entered the United States at the Paso Del Norte Port of Entry. Neither Hernandez-Cordero nor CC-3 declared the $60,000 upon entering the United States.

**Overt Act 5**:  On August 21, 2023, once in the Western District of Texas, CC-3

provided the $60,000 to Hernandez-Cordero.



**Substantive Count Instructions:**

## COUNTS ONE AND TWO – CONTROLLED SUBSTANCES – CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE 21 U.S.C. § 846

Title 21, United States Code, Sections 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. In this case, Defendant **Rene Hernandez-Cordero** is charged in **Counts One and Two** with conspiring to possess with intent to distribute a controlled substance.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

Count 1

For you to find the defendant guilty of Count I, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:      That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute a controlled substance;

*Second*:      That the defendant knew of the unlawful purpose of the agreement;

*Third*:      That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

*Fourth*:      That the overall scope of the conspiracy involved at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine; and

*Fifth*:      That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine.

12

<u>Count 2</u>

For you to find the defendant guilty of Count II, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:      That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute a controlled substance;

*Second*:   That the defendant knew of the unlawful purpose of the agreement;

*Third*:     That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

*Fourth*:   That the overall scope of the conspiracy involved at least 400 grams of a mixture or substance containing a detectable amount of fentanyl; and

*Fifth*:     That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least 400 grams of a mixture or substance containing a detectable amount of fentanyl.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged

13

to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

## DEFINITIONS RELEVANT TO COUNTS ONE AND TWO

### "POSSESSION"

Possession, as that term is used in these instructions, may be of two kinds: actual possession and constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

14

<u>"POSSESS WITH INTENT TO DISTRIBUTE"</u>

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## COUNT THREE –STRAW PURCHASING FIREARMS 18 U.S.C. § 932

Defendant **Rene Hernandez-Cordero** is charged in **Count Three** with conspiring to straw purchase firearms in violation in 18 U.S.C. § 932.

A conspiracy is an agreement between two or more people to join together to attempt to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member. It does not matter whether the conspiracy was successful. The essence of the offense is that two or more persons have combined, or mutually agreed, to do something illegal.

For you to find the defendant guilty of this crime, you must be convinced beyond a reasonable doubt that the government has proved each of the following beyond a reasonable doubt:

*First*:        That two or more persons, directly or indirectly, reached an agreement to straw purchase firearms;

*Second*:        That the defendant knew the unlawful purpose of the agreement; and

*Third*:        That the defendant joined in it willfully, that is, with the intent to further the unlawful purpose.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to further some object of the conspiracy. One may become a member of a conspiracy without knowing all the details of the unlawful plan or the identities of all the other alleged conspirators. If the defendant, with an understanding of the unlawful character of a plan,

15

knowingly joins in an unlawful scheme on one occasion, that is sufficient to convict him of conspiracy, even though he had not participated before and even though he played only a minor part in the conspiracy.

One who has no knowledge of the unlawful plan does not become a member of a conspiracy simply because one happens to be present at an event or transaction or because one happens to commit an act which inadvertently furthers some object of the unlawful plan or conspiracy. One does not become a member of a conspiracy through an association with members of the conspiracy or by the mere knowledge that a conspiracy exists.

The evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement, or that they directly stated between themselves the details of the scheme and its object or purpose, or the precise means by which the object or purpose was to be accomplished. Similarly, the evidence in the case need not establish that all the means or methods which were agreed upon were actually used or put into operation. Nor must the evidence prove that all the persons charged were members of the conspiracy.

A person commits the crime of straw purchasing if:

| *First*: | A person knowingly purchased a firearm. |
|---|---|
| *Second*: | The purchase of the firearm was made on behalf of, or at the request or demand of a person other than the purchaser. |
| *Third*: | That the defendant knew or had reasonable cause to believe that the person he was purchasing the firearm for intended to use, carry, possess, or sell or otherwise dispose the firearm in furtherance of a felony—namely, the smuggling of goods from the United States, or a drug trafficking crime. |

16

DEFINITIONS RELEVANT TO COUNT THREE

"SMUGGLING GOODS FROM THE UNITED STATES"

Title 18, United States Code, Section 554, makes it a crime for anyone to knowingly export, send, attempt to export, or attempted to send any merchandise, article, or object from the United States contrary to any law or regulation of the United States. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:        That the defendant knowingly exported, sent, attempted to send, and attempted to export merchandise as described in the indictment;

Second:       That the defendant's exportation and sending was contrary to law or regulation; and

Third:        That the defendant knew the exportation and sending of the merchandise was contrary to law or regulation.

"Merchandise" means goods, wares, and chattels of every description, and includes merchandise the exportation of which is prohibited.

To "export" means to send or carry from the United States to another country.

"DRUG TRAFFICKING CRIME"

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. Conspiracy to Possess a Controlled Substance with Intent to Distribute, as charged as **Count One and Count Two of this indictment** is a drug trafficking crime.

17

## UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count Three.

**Count Three** of the indictment accuses Defendant Rene Hernandez-Cordero of committing the crime of **Conspiring to Straw Purchase Firearms in two** different ways. The first underlying felony is the smuggling of goods from the United States. The second underlying felony is a drug trafficking crime.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant had reason to believe that a firearm was purchased in furtherance of felony – namely, the smuggling of goods from the United States; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant had reason to believe that a firearm was purchased in furtherance of a drug trafficking crime.

## COUNT FOUR –TRAFFICKING IN FIREARMS 18 U.S.C § 933

Defendant **Rene Hernandez-Cordero** is charged with conspiring in trafficking of firearms in violation Title 18, United States Code, Section 933(a)(1), (a)(3), and (b).

A conspiracy is an agreement between two or more people to join together to attempt to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member. It does not matter whether or not the conspiracy was successful. The essence of the offense is that two or more persons have combined, or mutually agreed, to do something illegal.

18

For you to find the defendant guilty of this crime, you must be convinced beyond a reasonable doubt that the government has proved each of the following beyond a reasonable doubt:

*First*:           That two or more persons, directly or indirectly, reached an agreement to engage in the trafficking of firearms;

*Second*:      That the defendant knew the unlawful purpose of the agreement; and

*Third*:         That the defendant joined in it willfully, that is, with the intent to further the unlawful purpose.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to further some object of the conspiracy. One may become a member of a conspiracy without knowing all the details of the unlawful plan or the identities of all the other alleged conspirators. If the defendant, with an understanding of the unlawful character of a plan, knowingly joins in an unlawful scheme on one occasion, that is sufficient to convict him of conspiracy, even though he had not participated before and even though he played only a minor part in the conspiracy.

One who has no knowledge of the unlawful plan does not become a member of a conspiracy simply because one happens to be present at an event or transaction or because one happens to commit an act which inadvertently furthers some object of the unlawful plan or conspiracy. One does not become a member of a conspiracy through an association with members of the conspiracy or by the mere knowledge that a conspiracy exists.

The evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement, or that they directly stated between themselves the details of the scheme and its object or purpose, or the precise means by which the object or purpose was to be accomplished. Similarly, the evidence in the case need not establish that all the means

19

or methods which were agreed upon were actually used or put into operation. Nor must the evidence prove that all the persons charged were members of the conspiracy.

A person commits the crime of trafficking in firearms if:

*First*:    That the defendant knowingly shipped, transported, transferred, caused to be transported or disposed of a firearm to another person.

*Second*:    That the shipping, transporting, transferring, causing to be transported or disposition of the firearm was in or otherwise affecting interstate commerce.

*Third*:    That the defendant knew or had reasonable cause to believe that the use, carrying or possession of the firearm by the other person/recipient would constitute a felony—namely, smuggling of goods from outside the United States, or a drug trafficking crime.

<u>DEFINITIONS RELEVANT TO COUNT FOUR</u>

<u>"DRUG TRAFFICKING CRIME"</u>

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. Conspiracy to Possess a Controlled Substance with Intent to Distribute, as charged as **Count One and Count Two of this indictment** is a drug trafficking crime.

<strong>UNANIMITY OF THEORY</strong>

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count Three and Four.

**Count Four** of the indictment accuses Defendant Rene Hernandez-Cordero of committing the crime of **Trafficking in Firearms Conspiracy** in **two** different ways. The first, is

20

that defendant knew or had reasonable cause to believe that the use, carrying, or possession of a firearm by another would constitute a felony—namely, the smuggling of goods from the United States. The second is that defendant knew or had reasonable cause to believe that the use, carrying, or possession of a firearm by another would constitute a drug trafficking crime.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant had reason to believe that the use, carrying, or possession of a firearm by another would constitute a felony – namely, the smuggling of goods from the United States; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant had reason to believe that the use, carrying, or possession of a firearm by another would constitute a drug trafficking crime.

## COUNT EIGHT: CONSPIRACY TO BULK CASH SMUGGLE, 18 U.S.C. § 371

Title 18, United States Code, Section 371, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States. Defendant **Rene Hernandez-Cordero** is charged with **conspiring to bulk cash smuggle**.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        That the defendant and at least one other person agreed to commit the crime

of bulk cash smuggling, as charged in the indictment;

21

*Second:*     That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third:*      That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy. One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part. The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme.

Likewise, the government does not need to prove that all the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

22

## DEFINITIONS RELEVANT TO COUNT EIGHT

## "BULK CASH SMUGGLING"

Title 31, United States Code, Section 5332(a) makes it a crime for anyone, with the intent to evade a currency reporting requirement, to knowingly conceal more than $10,000 in currency or other monetary instruments and transport or attempt to transport such currency or monetary instruments from a place outside the United States to a place within the United States.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the defendant knowingly concealed more than $10,000 in currency on his person and in any conveyance; |
| *Second*: | That the defendant transported the currency from a place outside the United States to a place within the United States; |
| *Third*: | That the defendant knew that a report was required to be filed with the Secretary of Treasury for the transport of amounts $10,000 or greater; and |
| *Fourth*: | That the defendant intended to evade filing such a report. |

The intent to evade the reporting requirement can arise at any time prior to (and including) the moment of transportation or transfer. It is not necessary that the defendant have such intent at the time the concealment occurred.

The currency need not be unlawfully derived. In other words, the Government does not have to prove that the defendant transported illicit funds.

## VENUE

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Western District of Texas, but in order for you to

23

return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy. Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Western District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that El Paso County is located in the Western District of Texas.

## POSSESSION

"Possession," as the term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or construction possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

24

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

## "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## INTERSTATE COMMERCE—DEFINED

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

## FOREIGN COMMERCE—DEFINED

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

## COMMERCE—DEFINED

Commerce includes travel, trade, transportation, and communication.

## "AFFECTING COMMERCE"—DEFINED

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

25

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change our mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

## VERDICT FORM

A verdict form has been prepared for your convenience. The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either

26

guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict form.

If you need to communicate with me during your deliberations, the foreperson should write, date, and sign the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

27

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | EP-23-CR-1842 |
| v. | § § | |
| RENE HERNANDEZ CORDERO | § § | |

## VERDICT FORM

1.  We the jury in the above-entitled cause, find Defendant Rene Hernandez Cordero

    ("Guilty" or "Not Guilty") _____ as to Count 1,

    Conspiracy to Possess a Controlled Substance with Intent to Distribute;

    ***IF YOU ANSWERED "GUILTY" AS TO COUNT ONE, ANSWER THE
    FOLLOWING TWO QUESTIONS:***

    DO YOU FIND BEYOND A REASONABLE DOUBT THAT THE OVERALL
    SCOPE OF THE CONSPIRACY CHARGED IN COUNT ONE INVOLVED AT
    LEAST 500 GRAMS OF A MIXTURE OR SUBSTANCE CONTAINING A
    DETECTABLE AMOUNT OF METHAMPHETAMINE?

    _____ (please answer "Yes" or "No")

    DO YOU FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT
    KNEW OR REASONABLY SHOULD HAVE KNOWN THAT THE SCOPE OF
    THE CONSPIRACY CHARGED IN COUNT ONE INVOLVED AT LEAST 500
    GRAMS OF A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE
    AMOUNT OF METHAMPHETAMINE?

    _____ (please answer "Yes" or "No")

2.  We the jury in the above-entitled cause, find Defendant Rene Hernandez Cordero

    ("Guilty" or "Not Guilty") _____ as to Count 2,

    Conspiracy to Possess a Controlled Substance with Intent To Distribute;

***IF YOU ANSWERED "GUILTY" AS TO COUNT TWO, ANSWER THE
FOLLOWING TWO QUESTIONS:***

DO YOU FIND BEYOND A REASONABLE DOUBT THAT THE OVERALL SCOPE OF THE CONSPIRACY CHARGED IN COUNT TWO INVOLVED AT LEAST 400 GRAMS OF A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF FENTANYL?

_____ (please answer "Yes" or "No")

DO YOU FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNEW OR REASONABLY SHOULD HAVE KNOWN THAT THE SCOPE OF THE CONSPIRACY CHARGED IN COUNT TWO INVOLVED AT LEAST 400 GRAMS OF A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF FENTANYL?

_____ (please answer "Yes" or "No")

3.  We the jury in the above-entitled cause, find Defendant Rene Hernandez Cordero

("Guilty" or "Not Guilty") _____ as to Count 3,

Straw Purchasing Firearms;

4.  We the jury in the above-entitled cause, find Defendant Rene Hernandez Cordero

("Guilty" or "Not Guilty") _____ as to Count 4,

Trafficking in Firearms;

5.  We the jury in the above-entitled cause, find Defendant Rene Hernandez Cordero

("Guilty" or "Not Guilty") _____ as to Count 8,

Bulk Cash Smuggling Conspiracy;

So say we all this _____ of May 2024.


_____
FOREPERSON