**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. EP-23-CR-1842-DB** |
| | § | |
| **(3) RENE HERNANDEZ CORDERO,** | § | |
| | § | |
| **Defendant.** | § | |

**SENTENCING MEMORANDUM**

A federal jury convicted Defendant because he orchestrated an extensive firearms smuggling network in support of a drug trafficking network. Defendant's actions have earned him a significant sentence, and the Government asks the Court to consider a sentence of 360 months' imprisonment for count 1, 180-months for counts 3 and 4, and 60-months' imprisonment for count 8. In support, the Government would show the following:

**I. Background.**

A federal grand jury charged Defendant with various gun, drug, and money trafficking charges. *See* Superseding Indictment, filed April 10, 2024, ECF No. 86. Defendant refused to accept responsibility and tasked the Government of proving the charges to a jury. A jury correctly convicted Defendant of weapon, drug, and bulk cash smuggling. *See* Verdict, filed May 7, 2024, ECF No. 160.

Despite a lack of prior convictions, Defendant, a former Mexican law enforcement officer, had a long history of criminal activity. As noted in the Presentence Investigation Report (PSR), paragraph 36, evidence indicated that Defendant and his co-conspirators had been smuggling firearms since March of 2020. Additional evidence proved that Defendant knew that these

weapons were trafficked in furtherance of drug trafficking activity. *Id*. at ¶¶ 28, 35, and 39.

Because this case involved a substantial number of weapons trafficked over the course of several years, the Government seeks a sentence of 360-months' prison on the lead count. That sentence falls within the guideline range suggested by the PSR, and as detailed below, that sentence would be supported by the section 3553(a) sentencing factors.

**II. Section 3553(a) Sentencing Factors.**

The illegal exportation of weapons from the United States is a serious crime with devastating consequences for countries like Mexico. The United States is often accused of having lax guns laws that fuel violence and instability abroad. *See* IEVA JUSIONYTE, EXIT WOUNDS: HOW AMERICA'S GUNS FUEL VIOLENCE ACROSS THE BORDER (UNIVERSITY OF CALIFORNIA PRESS, 2024). Weapons from the United States have impacted Mexico to such a degree that the Government of Mexico filed suit against several weapons manufacturers in the United States. *See Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 91 F.4th 511 (1st Cir. 2024).

The First Circuit recently revived that lawsuit and wrote in its opinion that "Mexico has strict gun laws that make it 'virtually impossible' for criminals to obtain firearms legally sourced in the country." *Id.* at 516. In Mexico, there is "one gun store in the entire nation and issues fewer than fifty gun permits a year." *Id.* While there are strong domestic regulations of weapons in Mexico, it "has the third-most gun-related deaths in the world." *Id.* Over the past several years, "[t]he number of gun-related homicides in Mexico grew from fewer than 2,500 in 2003 to approximately 23,000 in 2019." *Id.* Similarly, the "percentage of homicides committed with a gun similarly rose from fifteen percent in 1997 to sixty-nine percent in 2021." *Id.*

The First Circuit also noted that the "increase in gun violence in Mexico correlates with the increase of gun production in the United States, beginning with the end of the United States'

assault-weapon ban in 2004." *Id.* In its lawsuit, Mexico alleged that there is "a steady and growing stream of illegal gun trafficking from the United States into Mexico, motivated in large part by the demand of the Mexican drug cartels for military-style weapons." *Id.* Mexico also alleged "that between seventy and ninety percent of the guns recovered at crime scenes in Mexico were trafficked into the country from the United States." *Id.*

This is the context in which Defendant committed his crimes. Defendant's criminal trafficking of weapons to Mexico fuels an epidemic of violence and drug trafficking that has devastating and far-reaching consequences. A sentence of 360-months' imprisonment on the lead charge would reflect the seriousness of the offenses committed and afford adequate deterrence to criminal conduct.

**a. Nature and circumstances of offense, § 3553(a)(1), and seriousness of offense, § 3553(a)(2)(A).**

As a government cooperator testified at trial, weapons in this conspiracy were used to inflict violence on others in an effort to continue smuggling drugs from Mexico into the United States. Though the Government did not identify any particular victim of violence, it would be naïve to believe that none of the numerous weapons trafficked by Defendant were used in violence. Government witnesses at trial accurately described the weapons trafficked by Defendant as "weapons of war." Further, these weapons supported a methamphetamine trafficking organization. The text messages introduced at trial proved to the jury that Defendant knew this conspiracy involved a substantial amount of methamphetamine—a notoriously dangerous drug that inflicts a tremendous amount of damage on its users and this community.

**b. Defendant's history and characteristics, § 3553(a)(1).**

The PSR provides the Court information about his family and his background. There is nothing in Defendant's background or history that would justify a departure from the guidelines. Fortunately, Defendant will be able to visit and communicate with his family while he is in prison. The same cannot be said for the victims of gun violence in Mexico.

This level of weapons trafficking is closely associated with violence. A government cooperator, with first-hand knowledge, testified about how weapons are used to harm and kill people to support the drug trade. There are many victims of gun violence that are no longer able to celebrate birthdays, to be with their family, or enjoy life because individuals like Defendant chose to illegally export weapons for profit.

**c. Need to protect public and deter further crimes, § 3553(a)(2)(B)-(C).**

Drug smuggling, and particularly, weapons trafficking, continue to plague this community. As a border community, the Western District of Texas is a focal point for both weapons and firearms trafficking. A significant sentence in this case would protect the community from Defendant's future criminal conduct. The prison sentence requested by the Government may deter further crimes by others.

**d. Sentencing guidelines and unwarranted sentencing disparities, § 3553(a)(3)-(6).**

The Government requests a sentence of 360-months' imprisonment for count 1, 180-months for counts 3 and 4, and 60-months' imprisonment for count 8. Those sentences are within the guideline range suggested by the PSR. *See id.* at ¶ 84. Handing down the requested sentence is severe yet within the suggested guideline range. Therefore, it would be presumed to be reasonable. Defendant also chose to proceed to trial on a reasonably strong case. Handing down a sentence within the guidelines would also protect against unwanted sentencing disparities.

**III. Conclusion.**

Defendant proceeded to trial on a relatively strong case for the government. Defendant confessed to trafficking firearms. Text messages between him and other co-defendants explicitly discuss the distribution of methamphetamine. For years, Defendant participated in this type of criminal activity. Only now, after convicted by a jury, is Defendant going to be held accountable for those crimes. Therefore, Defendant has earned a significant sentence.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: /s/
Kyle Myers
Assistant U.S. Attorney
Texas Bar # 24049933
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884
kyle.myers@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August 2024, a copy of the foregoing instrument was electronically filed with the Clerk using the CM/ECF system, which will forward a copy of the document to Ray Gutierrez, attorney for Mr. Hernandez.

/s/
Kyle Myers
Assistant United States Attorney