UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

UNITED STATES OF AMERICA       )   No. EP-23-CR-1842-DB
                               )
vs.                            )   El Paso, Texas
                               )
RENE HERNANDEZ CORDERO (3)     )   April 30, 2024


VOLUME 1 OF 6 VOLUMES

STATUS CONFERENCE

BEFORE THE HONORABLE DAVID BRIONES

UNITED STATES DISTRICT JUDGE, and a jury.



A P P E A R A N C E S:

FOR THE GOVERNMENT:    MR. KYLE MYERS
                       MS. SHANNON HOLDERFIELD &
                       MS. PATRICIA ACOSTA
                       Assistant United States Attorneys
                       700 E. San Antonio, Suite 200
                       El Paso, Texas  79901


FOR THE DEFENDANT:     MR. RAY GUTIERREZ
                       Attorney at Law
                       11623 James Grant Drive
                       El Paso, Texas  79936



    Proceedings reported by stenotype.  Transcript produced by computer-aided transcription.

(Esperanza Gallegos & Barbara Espinosa sworn to interpret Spanish into English.)

(Defendant present; open court.)

THE COURT:  The clerk will call the case.

THE CLERK:  EP-23-CR-1842, United States of America versus Rene Hernandez Cordero.

MR. MYERS:  Your Honor, good morning.  Kyle Myers and Shannon Holderfield for the Government.  Ready to proceed.

MR. GUTIERREZ:  Good morning, Your Honor.  Ray Gutierrez on behalf of the defendant.  Ready to proceed.

THE COURT:  I think you've been informed that we have a problem.

MR. GUTIERREZ:  Yes, Your Honor.

THE COURT:  We don't have enough jurors.  I don't know why they didn't show up, but -- I think the top limit was 40, and that's not enough.  We can't proceed today.  But tomorrow a new panel comes in, and they're getting the questionnaire already.  So we can go tomorrow at 9:00.

MR. MYERS:  We're ready, Judge.

MR. GUTIERREZ:  We're ready, Judge.

THE COURT:  Okay.  That means we're probably not going to finish this week.  It means we'll probably have to go into -- until tomorrow.

MR. GUTIERREZ:  Understood.

THE COURT:  -- I'm sorry, until next week, at least

part of it.

And I'm getting an additional number of the jurors to be sure we have enough.

We can take up some of this pretrial stuff if all of you are in agreement.

MR. GUTIERREZ:  Yes, Your Honor.

MR. MYERS:  Yes, Your Honor.

THE COURT:  The proposed summary I'm not going to use.  Okay?  We don't need it.  Your Indictment really gives more information than is required.

Mr. Gutierrez, you had an objection on the 404(b) --

MR. GUTIERREZ:  Yes, Your Honor, I did.

THE COURT:  -- evidence that the Government is proposing?

Let me hear from you.

MR. GUTIERREZ:  Your Honor, on the 404(b), we're opposing that information that is being used prior to the Indictment time of Rene Hernandez Cordero.

The Government has gone back and has solicited information of activities that Mr. Cordero could have -- was involved in.

And I believe, as the 404(b) states, it's evidence prohibited because it's being used towards his character, and the fact that it's also being used prior to the Indictment time.

I believe it's very prejudicial to the client and that the probative value does not outweigh it for those two facts.

We would ask for any information that's outside the Indictment, and specifically these times and dates that I've posted in my motion, be excluded from --

THE COURT:  Well, you agreed to the seizure in March.

MR. GUTIERREZ:  I'm sorry, Your Honor?

THE COURT:  You agreed to that seizure in March, where you -- you're stipulating on the chemist --

MR. GUTIERREZ:  Right, Your Honor.  I mean --

THE COURT:  -- that was out of the --

MR. GUTIERREZ:  And that was just for the fact that we were admitting that there was drugs that were -- happened in a prior event.

But what we're objecting to, that when our client was involved, that -- that -- the seizure of the drugs was a whole separate leg of -- of a case.

This event was completely separate.  This is an event that was used that they're trying to prove that the defendant was talking to another person, they were buying guns in different locations, and that they were being crossed over to Mexico prior to the Indictment, prior to anything that he was even a target of.  So this is two different animals that I believe that I'm trying to explain to the Court.

THE COURT:  Mr. Myers?

MR. MYERS:  Your Honor, for those drug seizures, those are within the time frame of the Indictment.  Those are in March of 2023.  I think we made an error on the stipulation -- or I did -- and I put 2021.  But those drug cases should be within the time frame of the Indictment range.

The conversations that I talked about occur prior to August of 2022, and it's just the same pattern repeated over and over again, in which they're using couriers to smuggle guns south and just prior to the Indictment.

It's the same conspiracy.  It's the same type of evidence.  He's pleaded not guilty.  He's put those things at issue.  They're not offered for character evidence, and that's why we'd ask them to be admissible.

THE COURT:  Your objection is overruled, Mr. Gutierrez.

MR. GUTIERREZ:  Thank you, Your Honor.

THE COURT:  Now, I think you were objecting to something in the Motion in Limine?

MR. GUTIERREZ:  Yes, Your Honor.  If I may address that?

THE COURT:  But --

MR. GUTIERREZ:  In the Motion in Limine, there's information of a defendant that has not been arrested or has been, in my opinion, properly identified.  A Fernanda, who is in Mexico, who has been communicating with the Government.

And they've gotten records from the U.S. side of the Defendants, and the 902, where they get the phone records and they do the logs and all that.  That's understandable.

But there's text messages that are being sent from Mexico from a Fernanda, sometimes it's *Chuya* [sic], and -- through different names.

And there was no records to prove, on the Mexican side, a telephone company from Mexico stating this is this person and these are her cell numbers, these are her phones, or -- so the objection is that there's no voice exemplary. There's no identification.  There's no proof that every text is actually coming from the same person.

So I'm objecting to any type of use or correlation to this Fernanda's text messaging or even the telephone calls.

THE COURT:  But that ordinarily is not in a Motion in Limine, Mr. Gutierrez.

MR. GUTIERREZ:  Well, I understand that, Your Honor. But if it's going to be brought up, the Motion in Limine is basically saying that if it's going to be brought up, I'm presenting -- I'm letting the Court know that I'm asking for these objections, that this is -- until they can prove and identify this person to be exactly who they state she is on every text message, then...

THE COURT:  You're misconstruing the purpose of the Motion in Limine, quite frankly.

Let me hear from you, Mr. Myers, or Counsel.

MS. HOLDERFIELD:  Good morning, Your Honor.

I believe that the Defense is talking about the toll records that were administratively subpoenaed.  They're just that.  They are just subscriber information and numbers.

That evidence is going to be used to connect to the text messages that were retrieved from a search warrant of Mr. Hernandez Cordero's phone.  It will show the connection between all of those.

We didn't receive any text messages from AT&T.  So I'm not sure exactly what Defense is asking, but we'd ask that it be denied.

THE COURT:  You're objecting to admission of evidence, Mr. Gutierrez; not the purposes of a Motion in Limine.  I'm going to make you object when it comes up.  Your objections to the Motion in Limine are overruled.

MR. GUTIERREZ:  Thank you, Your Honor.

THE COURT:  Does the Government have anything?

MR. MYERS:  An election as to forfeiture, Your Honor.

THE COURT:  Oh, yeah.

What I was going to do, Ms. Acosta, is, when I read the Indictment, I was going to skip over the --

MS. ACOSTA:  Yes, Your Honor.

Patricia Acosta for the Government, asset forfeiture AUSA.

Yes, Your Honor.  In fact, the jury should not know about forfeiture at all.  The Defense has informed me that he is electing to go to the Court for forfeiture, so it doesn't need to be told to the jury at all.

And we'll follow the usual processes, if there was a plea and if there is a guilty verdict, then at that time we would file our motion for preliminary order of forfeiture.

THE COURT:  Okay.  Yeah.  I was going to skip any language.

Any objection to that?

MR. GUTIERREZ:  No, objections, Your Honor.

THE COURT:  I was going to skip any language --

MS. ACOSTA:  Absolutely.

THE COURT:  -- well, having to do with the forfeiture --

MS. ACOSTA:  Absolutely, Your Honor.

THE COURT:  -- when I read the Indictment to the jury.

MS. ACOSTA:  Yes, Your Honor.  The jury should not know about forfeiture at all.

THE COURT:  Okay.

MS. ACOSTA:  Yes, Your Honor.

And if we can just put on the record that the Defense is electing to go to the Court for forfeiture.

MR. GUTIERREZ:  Yes.  And that's correct, Your Honor.  We would elect to -- the Court to hear that.  And obviously,

the Defense is not going to object to the forfeiture of the arms and the weapons and the -- and the money.

THE COURT:  Okay.

MR. GUTIERREZ:  The vehicle has already been returned -- well, in the process of being returned, and that's all they were interested in.

THE COURT:  Okay.  Okay.

Anything else we can take up now before we bring in the jury tomorrow?

MS. HOLDERFIELD:  Your Honor, just to clarify.  Are the Government's Motions in Limine granted, all of them?

THE COURT:  Yes.

MS. HOLDERFIELD:  Okay.  Thank you, Your Honor.

THE COURT:  Yes, I am granting them.

MS. HOLDERFIELD:  Yes, sir.  Thank you.

THE COURT:  Okay.  Anything else?

MR. GUTIERREZ:  Nothing further, Your Honor.

MR. MYERS:  Nothing from the Government, Your Honor.

THE COURT:  Okay.  We'll see you all tomorrow morning.

You may be excused.  We'll be in recess.

(Proceedings concluded 8:54 a.m.; continued in Volume 2.)

* * * * *