United States District Court
Western District of Texas
El Paso Division

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>v.<br><br>(4) JESUS GERARDO RAMOS,<br>    Defendant. | No. EP-23-CR-1842-DB |

**Government's Untimely Response to Defendant's Sentence-Reduction Motion**

Defendant Jesus Gerardo RAMOS is serving a prison term based on his conviction for Trafficking in Firearms. He has moved under 18 U.S.C. § 3582(c)(2) for a reduction in his prison term. Defendant erroneously claims that he is eligible for a reduction as a "Zero Point Offender," as that term is understood by the Sentencing Guidelines.

For two reasons, this Court should deny Defendant's motion. First, Defendant is not entitled to Zero Point Offender reduction because his offense involved the possession of weapons. Second, even if he were eligible for a reduction, the sentencing factors listed in Section 3553(a) weigh against lowering his sentence.

**Background**

**A.    Defendant's Offense, Criminal History, and Sentence**

In 2024, Defendant was convicted of Trafficking in Firearms in violation of 18 U.S.C. § 933(a)(1). (PSR ¶ 3, ECF No 188.). Agents caught Defendant as he tried to pick up several weapons during an undercover operation. *Id.* at ¶¶ 27-31. Agents exploited cell phone information and learned that Defendant had been a long-time courier that smuggled weapons from the United States to Mexico. *Id.* at ¶ 40. The amount of weapons involved in the conspiracy exceeded over 100 weapons. *Id.* at ¶ 41-2. The PSR noted that Defendant actually possessed weapons during the criminal activity because "participated as a courier in this conspiracy and was responsible for collecting firearms that had been purchased through private sellers or straw purchases in the United States on behalf of Navarro-Sanchez, he was responsible for exporting said firearms from

the United States to the Republic of Mexico." *Id*. at ¶ 42. Defendant worked alongside the codefendants "to ensure the successful acquisition and exportation of firearm transactions on behalf of" the larger conspiracy. *Id.*

Prior to this, Defendant did not have a criminal history. Based on Defendant's conduct and criminal history, the guideline range was 151 to 188 months. (PSR ¶ 88.) After considering the sentencing factors in 18 U.S.C. § 3553(a), this Court selected a prison term of 121 months. (Judgment 2, ECF No. 191.)

**B.    Defendant's Current Term of Imprisonment**

Defendant is not scheduled for release until February 2032. *See* Fed. Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited March 6, 2025) (click on "Find By Number" and enter "74220-510". Defendant is housed at FCI Jessup. *See id.* Upon release, defendant faces a detainer and will be transferred to immigration custody.

**C.    Defendant's Current Motion**

On February 12, 2025, Defendant filed a motion with this Court seeking a sentence reduction under § 3582(c)(2). (Def. Mot., ECF No. 214.) He argued that he should be eligible for a two-point reduction because he qualifies for a reduction as a "Zero Point Offender."

**Argument**

A district court "generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). A motion for compassionate release invokes one of the "few" and "limited" exceptions to this general rule. *Ward v. United States*, 11 F.4th 354, 359, 361 (5th Cir. 2021). In the case of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered, a court may reduce the sentence after considering the factors set forth in section 3553(a). *See* 18 U.S.C. § 3582(c)(2).

This Court should deny Defendant's motion because Defendant does not qualify for the Zero Point Offender reduction. Second, even if the reduction were applicable to him, the sentencing factors would weigh against a further reduction.

### A. Defendant is not a "Zero Point Offender"

Defendant was sentenced by the Court on October 25, 2024. Starting on November 1, 2024, the Sentencing Guidelines recommended a two-point reduction for certain offenders who did not receive any criminal history points. *See* U.S. SENT'G COMM'N, GUIDELINES MANUEL §4C1.1 (Nov. 2024). A defendant may receive the reduction only if he meets all of the criteria listed. *Id.* To qualify, Defendant would have to show that he "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." *Id.*

Here, Defendant pleaded guilty to a firearms offense in which he actually transported firearms from the United States to Mexico. (PSR at ¶ 42.) In addition to the PSR, Defendant signed a plea agreement in which he admitted that he carried weapons across the border:

> During the dates listed in the superseding indictment, Hernandez-Cordero would communicate with another person (R.R.) who would in turn send Defendant to the United States to receive firearms and smuggle the firearms back to Mexico. On several occasions, Defendant would contact co-defendant Munoz-Castro. He would provide Defendant with firearms to be smuggled to Mexico. These types of firearms require a license to be exported from the United States to Mexico. Defendant does not have a license to export firearms.

(Plea Agreement as to Jesus Gerardo Ramos, filed April 22, 2024, ECF No. 116.) Defendant's own admission of carrying firearms disqualifies him from receiving a "Zero Point Offender" reduction.

**B.    Defendant has not shown that the sentencing factors in 18 U.S.C. § 3553(a) support a reduced prison term.**

To justify a sentence reduction, a defendant "must persuade the district court that . . . early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *see* 18 U.S.C. § 3582(c)(2). At Defendant's sentencing, this Court determined that those factors supported his current sentence of 121 months. (Judgment 2.) Those factors continue to support that sentence rather than the reduced sentence Defendant seeks.

- **Nature and circumstances of offense, § 3553(a)(1), and seriousness of offense, § 3553(a)(2)(A).** The nature, circumstances, and seriousness of Defendant's offense remain unchanged and reinforce the just nature of this Court's sentence. As a government cooperator testified at the trial of a co-defendant, weapons in this conspiracy were used to inflict violence on others in an effort to continue smuggling drugs from Mexico into the United States. Though the Government did not identify any particular victim of violence, it would be naïve to believe that none of the numerous weapons trafficked by Defendant were used in violence. As detailed in the PSR, the weapons supported a methamphetamine trafficking conspiracy. This is a serious offense that deserves a significant prison sentence.

- **Defendant's history and characteristics, § 3553(a)(1).** The PSR and Defendant's motion provides the Court information about his family and his background. There is nothing in Defendant's background or history that would justify a departure from the guidelines. It should be noted that this level of weapons trafficking is often associated with firearms violence in Mexico. Fortunately, Defendant will be able to visit and communicate with his family while he is in prison. The same cannot be said for the victims of gun violence in Mexico.

- **Need to protect public and deter further crimes, § 3553(a)(2)(B)-(C).** Weapons trafficking continues to plague this community. As a border community, the Western District of Texas is a focal point for both firearms trafficking. A significant sentence in this case would protect the community from Defendant's future criminal conduct. The prison sentence of 121 months may deter further crimes by others.

- **Need to provide treatment, § 3553(a)(2)(D).** No sentence reduction is necessary to provide Defendant with needed treatment.

- **Sentencing guidelines and unwarranted sentencing disparities, § 3553(a)(3)-(6).** The reduction Defendant seeks would ignore the sentencing guidelines and result in a sentence dramatically less than other similarly situated defendants. By ignoring the guidelines, a reduced sentence would disregard the need to avoid unwarranted sentence disparities among similarly situated defendants. *See Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018) ("A principal purpose of the Sentencing Guidelines is to promote uniformity in sentencing imposed by different federal courts for similar criminal conduct.") (cleaned up).

In sum, Defendant has failed to show that the sentencing factors in § 3553(a) support the reduced sentence he seeks.

## Conclusion

For all these reasons, this Court should deny Defendant's motion.

                                            Respectfully submitted,

                                            Margaret F. Leachman
                                            Acting United States Attorney

By:    */s/*
           Kyle Myers
           Assistant United States Attorney
           Texas Bar No. 24049933
           700 E. San Antonio, Suite 200
           El Paso, TX 79901
           (915) 534-6884
           kyle.myers@usdoj.gov

## Certificate of Service

I certify that on March 6, 2025, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☐ The CM/ECF system will send notification to the following CM/ECF participant(s):

☒ I also certify that I have mailed this document by United States Postal Service to the following non-CM/ECF participant(s):

> Pro Se Defendant or Non-Participating Attorney
> Jesus Gerardo Ramos 74220-510
> FCI Jessup
> 2660 Highway 301 South
> Jesup, GA 31599

/s/
Kyle Myers
Assistant United States Attorney